# UNITED STATES DISTRICT COURT
## IN AND FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  3:05-CR-576-JAJ-TJS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| KERWIN L. SUMMAGE, | ) | |
| | ) | |
| Defendant. | ) | |

The undersigned magistrate judge was directed to conduct the necessary proceedings for purposes of preparing a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) by order of United States District Judge John A. Jarvey on March 4, 2008 (Clerk's No. 69).

At issue is the Defendant's Motion to Dismiss Superseding Indictment (Speedy Trial) filed February 26, 2008 (Clerk's No. 68).   The government filed its response in opposition to Motion to Dismiss  on March 21, 2008 (Clerk's No. 72).    On March 26, 2008 (Clerk's No. 75), the government filed a copy of a Memorandum to the Clerk of this Court from the Clerk of the United States Court of Appeals dated March 21, 2008, and which enclosed a copy of a letter from the Clerk of the Supreme Court of the United States to the Clerk of the United States Court of Appeals for the Eighth Circuit, advising that defendant's Petition for Writ of Certiorari had been denied.   The letter from the Clerk of the Supreme Court of the United States is dated January 7, 2008.

On March 25, 2008, the undersigned magistrate judge conducted oral arguments on defendant's motion, at the United States Courthouse, Davenport, Iowa.   The government appeared by Assistant United States Attorney Clifford R. Cronk, III.  Defendant appeared by his attorney, Anne Laverty.

BACKGROUND OF THE CASE

On September 29, 2005 (Clerk's No. 1), the undersigned magistrate judge signed a Criminal Complaint filed in this Court alleging, *inter alia*, that on or about April 2004 in the Southern District of Iowa Defendant Kerwin Lamont Summage (Summage) used a person under the age of 18 to engage in sexually explicit conduct for the purpose of producing visual depictions of that conduct, and specifically making a videotape recording, which used materials that had been mailed, shipped or transported in interstate and foreign commerce.   Summage was arrested on warrant on that Criminal Complaint, and entered his initial appearance on October 5, 2005 (Clerk's No. 3).

On October 11, 2005, the undersigned magistrate judge conducted a detention hearing, and after considering the evidence and arguments of counsel, ordered Summage detained, finding that he had not rebutted the presumption of risk of flight to avoid prosecution and/or risk of harm or danger to the community pursuant to 18 U.S.C. § 3142.   See Clerk's No. 9.

On October 14, 2005, the grand jury returned an indictment (Clerk's No. 19), against Summage in two counts: Count 1 alleging production of child pornography; Count 2 alleging possession of child pornography; and including an allegation of forfeiture pursuant to 18 U.S.C. § 2253(a).

On October 21, 2005 (Clerk's No. 13), the Court appointed Cory Goldensoph to represent Summage.   On October 27, 2005 (Clerk's No. 14), Summage appeared for arraignment on the indictment, at which time he pled not guilty to Counts 1 and 2, and denied the forfeiture allegations.   Trial was set for January 3, 2006 (Clerk's No. 16).

On November 16, 2005 (Clerk's No. 17), a superseding indictment was filed in this case, adding a third count alleging possession of child pornography, and repleading the original Counts 1 and 2, and the forfeiture allegations.

On November 30, 2005, Summage appeared in Court for arraignment on the superseding indictment, pleading not guilty to Counts 1, 2 and 3, and denying the forfeiture allegations, and trial was then set for January 30, 2006 (Clerk's No. 21).

On January 4, 2006 (Clerk's No. 22), Summage, by counsel, filed a motion to suppress, alleging *inter alia*, that a search warrant obtained by a Davenport police officer on July 15, 2004, and which was executed the following day, was issued in violation of Chapter 808.2, Code of Iowa, and was also issued in violation of both the United States Constitution, and the Iowa Constitution.   Summage sought to have this Court suppress all evidence seized in reliance upon that search warrant.

On January 18, 2006 (Clerk's No. 25), the undersigned magistrate judge conducted a pretrial conference in this case.   During that conference, Summage's attorney requested that trial be continued from the January 30, 2006 trial setting to the February 27, 2006 trial setting because of receipt of new discovery materials.   In addition, the motion to suppress was pending at that time, and counsel for the government, without resistance by defendant's counsel, sought and obtained an extension of time until January 23, 2006 in which to file its resistance to defendant's motion to suppress.

In continuing trial to the February 27, 2006 setting, the undersigned magistrate judge specifically made a finding that the period of the continuance should be excluded from the Speedy

Trial Act, 18 U.S.C. § 3161 in the interests of justice because of new discovery materials and the pending motion to suppress.   See Clerk's No. 27.

On January 30, 2006, at the United States Courthouse in Davenport, Chief United States District Judge Robert W. Pratt conducted arguments on Summage's motion to suppress.   See, Clerk's No. 34.

On February 14, 2006 (Clerk's No. 36), a pretrial conference was held in this case before the undersigned magistrate judge, during which the government moved to continue trial from the February 27, 2006 setting until March 6, 2006, citing as the primary reason for that request the pending motion to suppress filed by defendant.

On February 15, 2006 (Clerk's No. 37), Summage filed a pro se sealed motion to have new counsel appointed.   That motion resulted in Chief Judge Pratt conducting a hearing on February 21, 2006, and ordering appointment of new counsel, the Federal Defender, on February 22, 2006 (Clerk's No. 39).   See also, Clerk's No. 40.   In addition, Chief Judge Pratt filed an order on February 22, 2006 (Clerk's No. 41), directing Summage's new counsel to file additional briefing as to the motion to suppress then pending.

In a separate order on February 22, 2006 (Clerk's No. 42), Chief Judge Pratt, on his own motion, continued the March 6, 2006 trial date, noting that Summage acquiesced in this grant of continuance while in open court on February 21, also finding that the ends of justice were served by continuing trial, and excluding the time under the Speedy Trial Act.   Trial was then ordered to begin during the two-week period commencing March 27, 2006.

On March 14, 2006 (Clerk's No. 44), a further pretrial conference was conducted by the undersigned magistrate judge.   During that hearing, Summage's new attorney, noting that he had

until March 15, 2006 in which to supplement the record on the pending motion to suppress, moved to continue trial to the April 24, 2006 setting.   The Court granted that motion, and excluded the period of the continuance in the interests of justice pursuant to the Speedy Trial Act, finding that the appointment of new counsel, and the pending motion to suppress warranted that continuance.   The government did not resist continuance.

On April 5, 2006 (Clerk's No. 48), Chief Judge Pratt filed a 22-page order, granting Summage's motion to suppress.   In response, on April 20, 2006 (Clerk's No. 50), the government filed a Notice of Appeal of the order filed by Chief Judge Pratt.

During the pendency of that appeal on May 12, 2006 (Clerk's No. 52), Summage filed, through counsel, a Motion to Reconsider the Order of Detention, in which Summage argued that because the Court had granted his motion to suppress, new evidence was now available to the Court, and which was not available at the time of the original detention hearing, and thus release on bond was appropriate.   That motion was denied by Chief Judge Pratt on May 15, 2006 (Clerk's No. 53).

On December 20, 2006, new counsel was appointed to represent Summage, replacing the Federal Defender.

On April 10, 2007, the United States Court of Appeals for the Eighth Circuit reversed the order suppressing evidence pursuant to the state court warrant, and remanded the case to this Court for further proceedings.   That opinion and judgment of the Court of Appeals was filed April 17, 2007 (Clerk's No. 55) in this Court.

On June 19, 2007 (Clerk's No. 56), the mandate from the Eighth Circuit Court of Appeals was filed in this Court in accordance with the opinion and judgment of April 10, 2007.

On June 22, 2007 (Clerk's No. 57), the undersigned magistrate judge conducted a status conference, at which counsel for the government and Summage appeared.   As a result of the discussions which occurred during that status conference, the Court ordered a subsequent status conference for July 2, 2007, at the United States Courthouse in Davenport.

On June 26, 2007 (Clerk's No. 59), Summage's then-attorney, Dean Stowers, filed a Motion to Withdraw, citing time conflicts, distance issues and noting that Summage had filed a letter with the Court seeking new counsel.   The Court granted that motion on June 27, 2007 (Clerk's No. 60), appointing Anne Laverty to represent Summage.

On July 23, 2007 (Clerk's No. 63), a status conference was conducted by the undersigned magistrate judge in this case, at which counsel for all parties appeared.   As a result of that conference, the Court set trial for October 29, 2007, at the United States Courthouse, Davenport, before District Judge John A. Jarvey.   See, Clerk's No. 64.

It should be noted that subsequent to that order there was never a final pretrial conference held on October 9, 2007, as previously ordered, no motion by any party to continue that trial, and there was no order continuing trial from the October 29, 2007 setting.

There was, however, an order received from the United States Court of Appeals for the Eighth Circuit on August 14, 2007 (Clerk's No. 65), in which the Circuit granted the Motion to Withdraw filed by Dean Stowers, and appointed Anne Laverty as substitute counsel, noting that the appointment was made "in order to represent him in the certiorari appeal, if it is necessary to do so."

While the docket in this Court does not reflect either the filing of a writ of certiorari with the Supreme Court of the United States, or any orders entered by the Supreme Court regarding

that issue, there is no doubt that at least counsel for the parties were aware of the pending petition for the Supreme Court.

The next substantive action in this case was the filing of the Motion to Dismiss by Summage (Clerk's No. 68).

## THE ISSUES

In his Motion to Dismiss, Summage argues that he has not been brought to trial within the 70-day time limit required by 18 U.S.C. § 3161(h), "even taking into account exclusions for pending motions and the appeal."   Summage acknowledges that he filed a petition for writ of certiorari to the United States Supreme Court on September 6, 2007, agreeing that the writ was denied on January 7, 2008.

## THE LAW

At the heart of this analysis as framed by Summage is 18 U.S.C. § 3161, which is commonly referred to as the "Speedy Trial Act."   Section 3161(c)(1) provides in pertinent part as follows:

> (c)(1) In any case in which a plea of not guilty is entered, the trial of a defendant charged in an ... indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the ... indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs....

> In Section 3161(h)(1) it is provided, in pertinent part, as follows:

> **(h)**   The following periods of delay shall be excluded ... in computing the time within which the trial of any such offense must commence:

– 7 –

**(1)**    Any period of delay resulting from other proceedings concerning the defendant, including but not limited to ___

* * *
* * *
* * *
* * *

   **(E)**      delay resulting from any interlocutory appeal;

  **(F)**    delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;

  **(J)**    delay reasonably attributable to any period, not to exceed thirty days, durin which any proceeding concerning the defendant is actually under advisement by the court.

* * *

 **(6)**      If the ... indictment is dismissed upon motion of the attorney for the Government and thereafter a charge is filed against the defendant for the same offense ... any period of delay from the date the charge was dismissed to the date the time limitation would commence to run as to the subsequent charge had there been no previous charge.

* * *

**(8)(A)**   Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the  judge granted such continuance on the basis of  his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.   No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance

outweigh the best interests of the public and the defendant in a
speedy trial.

> **(B)**   The factors, among others, which a judge shall
> consider in determining whether to grant a continuance
> under subparagraph (A) of this paragraph in any case
> are as follows:
>
>   **(i)** Whether the failure to grant such a continuance
>   in the proceeding would be likely to make a con-
>   tinuance of such proceeding impossible, or result
>   in a miscarriage of justice.
>
>   **(ii)**  Whether the case is so unusual or so complex,
>   due to the number of defendants, the nature of the
>   prosecution, or the existence of novel questions of
>   fact or law, that it is unreasonable to expect adequate
>   preparation for pretrial proceedings or for the trial
>   itself within the time limits established by this section.

* * *

18 U.S.C. § 3162(a)(2) mandates that

> **(2)** If a defendant is not brought to trial within the time limit
> required by section 3161(c) as extended by section 3161(h), the ...
> indictment shall be dismissed on motion of the defendant.   The
> defendant shall have the burden of proof of supporting such
> motion ... In determining whether to dismiss the case with or
> without prejudice, the court shall consider, among others, each of
> the following factors: the seriousness of the offense; the
> facts and circumstances of the case which led to the dismissal; and
> the impact of a reprosecution on the administration of this chapter
> and on the administration of justice....

In <u>U.S. v. Elmardoudi</u>, 501 F.3d, 935, 941 (8th Cir. 2007), the Circuit Court noted:

The Speedy Trial Act entrusts to the district court's discretion the
decision of whether to dismiss with or without prejudice, and "neither
remedy was given priority."  <u>United States v. Taylor</u>, 487 U.S. 326,
335, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988); *see*, 18 U.S.C. §
3162(a)(2).  The Act guides the district court's exercise of discretion:

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors:  the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and impact of a reprosecution on the administration of this chapter and on the administration of justice.  18 U.S.C. § 3162(a)(2).  In addition to these factors, a district court should consider the presence or absence of a prejudice to the defendant resulting from the violation of the Act.  Taylor, 487 U.S. 334, 108 S.Ct. 2413; United States v. Becerra, 435 F.3d 931, 935 (8th Cir. 2006).  The boundaries of the district court's discretion are framed by the factors Congress required it to consider; if, therefore, the district court "ignore[s] or slight[s] a factor that Congress has deemed pertinent to the choice of remedy," it abuses its discretion.  Taylor, 487 U.S. at 336-37, 108 S.Ct. 2413.  The district court is obliged to articulate its reasoning in order to permit us to review its decision.  Id. at 336, 108 S.Ct. 2413.  Moreover, the district court abuses its discretion if it relies on a clearly erroneous factual finding or an erroneous application of law to fact.  Id. at 337, 108 S.Ct. 2413.  However, if the district court fully considers the required factors and does not rely on clearly erroneous factual findings, "the district court's judgment of how opposing considerations balance should not lightly be disturbed."  Id.  Nevertheless, even if it considers only the proper factors, the district court can abuse its discretion if it commits a clear error in judgment in weighing the factors.  United States v. Kramer, 827 F.2d 1174, 1179 (8th Cir. 1987).

The Eighth Circuit Court of Appeals will review this Court's findings of fact for clear error and its legal conclusions de novo as to its ruling upon Summage's Motion to Dismiss.  U.S. v. Suarez-Perez, 484 F.3d 537, 540 (8th Cir. 2007); United States v. Titlbach, 339 F.3d 692, 698 (8th Cir. 2003).

The Speedy Trial Act of 1974, as amended in 1979, 18 U.S.C. § 3161 et seq. establishes inside and outside time limits for commencing trial in criminal cases.  U.S. v. Leon, 825 F.2d 246, 247 (8th Cir. 1987).

The Speedy Trial Act requires that a federal criminal defendant be brought to trial within 70 days of the filing of the indictment or of arraignment, whichever is later.  U.S. v. Koory,

20 F.3d 844, 846 (8th Cir. 1994); United States v. Kramer, 827 F.2d at 1176; 19 U.S.C. § 3161(c)(1).

When a violation of the time limits of the Act is shown to have occurred, dismissal is mandatory on

motion of the defendant.   Koory, 20 F.3d at 846; Kramer, 827 F.2d at 1176; United States v. Wiley,

997 F.2d 378, 385 (8th Cir. 1993); 18 U.S.C. § 3162(a)(2).   Although dismissal was mandatory, the

district court has discretion to dismiss the indictment either with or without prejudice, and the Act

does not indicate a preference between the two.   Koory, 20 F.3d at 846; United States v. Hamell, 3

F.3d  1187, 1189 (8th Cir. 1993); Wiley, 997 F.2d at 385; Kramer, 827 F.2d at 1176.

Absent an abuse of discretion, the Circuit Court will not overturn a district court's

decision to allow or to bar reprosecution.   Koory, 20 F.3d at 846-47; Hamell, 3 F.3d at 1189; Wiley,

997 F.2d at 385.

In addition to asserting that the Speedy Trial Act has been violated in this case,

Summage also alleges that his Sixth Amendment rights have been violated.

The Sixth Amendment to the United States Constitution states in its entirety as

follows:

### AMENDMENT 6.

**Rights of the Accused.**

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have Assistance of Counsel for his defense.

An analysis of Sixth Amendment violations is not dissimilar to the procedure followed in determining whether there has been compliance with the Speedy Trial Act.   In this regard, this Court follows the directives and principles set forth in <u>Doggett v. United States</u>, 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992).   <u>See</u> <u>also</u>, <u>U.S. v. Walker</u>, 92 F.2d 714 (8th Cir. 1996).   In <u>Doggett</u>, 505 U.S. at 651, 112 S.Ct. 2690, the Supreme Court, relying upon <u>Barker v. Wingo</u>, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), expanded and refined the four factors set forth in <u>Barker</u> required for evaluation of whether the Sixth Amendment speedy trial claims are valid.

Those four factors are: (1) whether the delay was uncommonly long; (2) who is responsible for the delay; (3) whether defendant in due course asserted his right to a speedy trial; and (4) whether defendant suffered prejudice as a result of the delay.   <u>Doggett</u>, 505 U.S. at 651-54, 112 S.Ct. at 2690-92.

Considering the foregoing rules for analysis of Summage's claims, the Court now moves into that review.

<u>DISCUSSION</u>

Because the analyses required to be applied to Summage's claims pursuant to his Speedy Trial Act claims and his Sixth Amendment claims are so similar, if not intertwined, the undersigned magistrate judge believes that a simultaneous consideration of the factual claims and legal arguments is appropriate as to both bases for defendant's Motion to Dismiss.

The Court would note at the outset that at no time during the pendency of this case from September 29, 2005 when a complaint was first filed against Summage through the present has he ever been unrepresented by counsel.   His first attorney was appointed on October 5, 2005 (Clerk's No. 3); that attorney was allowed to withdraw, upon motion pro se by defendant, and new counsel,

the Federal Defender's Office, was appointed on February 23, 2006 (Clerk's No. 43); new counsel was appointed during the pendency of the government's appeal of the granting of the motion to suppress, because of a conflict in the Federal Defender's Office on December 20, 2006; and that third attorney was then allowed to withdraw, again based upon complaints raised by defendant, and new counsel was appointed on June 27, 2007 (Clerk's No. 60).   Ms. Laverty continues to represent Summage.

Considering the <u>Doggett</u> factors in order, and applying them equally to the claims made by Summage in this case, reveals the following:

(1)   Whether delay in this case was uncommonly long.   The Supreme Court noted in  <u>Doggett</u>, 505 U.S. at 651-52, 112 S.Ct. at 2690-91, that there is a dual inquiry at this juncture. Thus, Summage must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from presumptively prejudicial delay, and if so, then this Court must consider, as one factor, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim.   The presumption that pretrial delay has prejudiced the accused intensifies over time.   *Id.*, 505 U.S. at 652, 112 S.Ct. at 2691.

In <u>Doggett</u>, the claim alleged a 37-month delay between indictment and disposition of this case.   The Court found that was a presumptively excessive period of time.   In this case, to the date of this Report and Recommendation, more than 31 months have elapsed, and thus for the purposes of this Report and Recommendation, the undersigned magistrate judge presumes that this is a prejudicial delay.

(2) Once making that determination, the Court needs to look at who is responsible for the delay, Summage or the government?  Based on the record in this case, the undersigned magistrate judge would find that both are responsible for the delay.

The number of times that Summage has requested, and obtained new counsel, four times, has delayed this case.   Twice defendant has requested a continuance of the trial date, and on a third occasion he acquiesced in a continuance of the trial date before Chief Judge Pratt because of new appointment of counsel for him at his own request.   The government did not resist any of the motions for continuance.

Defendant filed a motion to suppress on January 4, 2006 (Clerk's No. 22), which was ruled upon by Chief Judge Pratt on April 5, 2006 (Clerk's No. 48).   Fifteen days later, the government filed its Notice of Appeal (Clerk's No. 50), and while ruling on that appeal was filed April 17, 2007 (Clerk's No. 55), mandate from the Court of Appeals was not filed until June 19, 2007 (Clerk's No. 56).   Regardless, and notwithstanding one of Summage's pro se requests for new counsel, he filed a Petition for Writ of Certiorari to the United States Supreme Court on September 6, 2007.   That writ was denied on January 7, 2008, however, it was not until March 26, 2008 (Clerk's No. 75) that this Court received notice of the denial of that petition from either the Clerk of the Supreme Court and/or the Clerk of the Eighth Circuit Court of Appeals.

The government and defendant bear equal responsibility for the delay, in the opinion of this magistrate judge.   Defendant began the process by filing a motion to suppress.   The government appealed the granting of that motion, and upon reversal of the original ruling, Summage then filed a Petition for Write of Certiorari.

A review of the docket in this case, at least, reveals that during the pendency of the motion to suppress, the appeal to the Eighth Circuit and the Petition for Writ of Certiorari, little or no discovery was underway by either the government and/or Summage.   Neither the government nor

Summage even moved to stay proceedings while the Petition for Writ of Certiorari was pending before the Supreme Court.

(3)   Next, looking at the third factor as to whether in due course Summage asserted his right to a speedy trial presents mixed question.   No doubt his Motion to Dismiss squarely places that issue before this Court.   However, prior to the filing of the Motion to Dismiss, there was no complaint about delay in trial setting, and no demand for a specific trial date.   In fact, the filing of the motion to suppress, and later the filing of the Petition of Writ Certiorari, certainly cannot be classified as an assertion to right of speedy trial.   And, at no time did Summage demand to proceed to trial on October 29, 2007.

(4)   Thus, the Court is left with probably the most important consideration as enunciated in the fourth factor expanded by <u>Doggett</u>.   That is whether Summage suffered prejudice as a result of this delay.   This appears to be the primary focus by Summage in his arguments that his speedy trial rights have been denied.

In considering this prejudice, however, the Court comes full circle to the test discussed in <u>Taylor</u>, 487 U.S. at 334-35, and as explained in <u>Elmarduodi</u>, 501 F.3d at 941.

Under the <u>Taylor</u> test, this Court must look at the seriousness of the offense, the factors and circumstances of the case which led to the dismissal; and impact of reprosecution on the administration of justice, along with a consideration of a presence or absence of prejudice to the defendant.

Defendant has conceded the seriousness of this offense in his motion.   However, and without an intent to sensationalize the allegations, the Court must recount the basis for the three count superseding indictment filed against Summage on November 16, 2005 (Clerk's No. 17).   Count 1

-15-

alleges production of child pornography involving a ten-month-old child involved with oral-genital intercourse.   Count 2 alleges production of child pornography involving a three-year-old female involving the "lascivious exhibition of her genital area."     Count 3 alleges possession of child pornography involving minors "engaging in sexually explicit conduct," and specifically "sexual intercourse, masturbation and the lascivious exhibition of the genitals of a person, including, but not limited to oral-genital intercourse and visual depictions of that conduct.   The affidavit attached to the Criminal Complaint filed on September 29, 2005 (Clerk's No. 1), provides some additional detailed allegations.

In addition, reference to the Eighth Circuit Court of Appeals' decision, reversing the order granting the motion to suppress, U.S. v. Summage, 481 F.3d 1075 (8th Cir 2007), also buttresses the finding of the seriousness of the allegations in this case.

Turning to the arguments regarding prejudice, Summage points to the fact that he has been incarcerated since October 11, 2005, now more than 900 days, and that elapse of time between the filing of the indictment, as well as the superseding indictment, has precluded him from obtaining witnesses favorable to his defense.

He notes that his cousin, a person by the name of Ash, died in October 2006. Apparently Ash would have been an alibi witness.   Another cousin, Moore, who Summage argues is an important witness is missing.   A third witness identified as Boyers, and who would be an important impeachment witness for Summage, is alleged to have memory problems because of drug use.

In addition, Summage argues that because he has been incarcerated he has been prevented from searching for documents that would support impeachment of government witnesses.

-16-

Further, Summage argues that he has sustained substantial psychological and financial stress by being in prison; he cannot work or support his family, and he has medical issues, including an ankle injury, which needs attention.

Summage's arguments about prejudice of any material nature ring hollow.  If there was prejudice, it was not substantial.   Defendant has made no showing that but for delay of trial, as he has articulated, all these witnesses and evidence would have been available for trial.

Under defendant's calculations, more than 100 days had expired by the time he had filed his Motion to Dismiss, and which would thus exceed the 70-day limit prescribed in Section 3161 by 30 days.   During the pendency of his motion, and the consideration by the Court, including the hearing on the Report and Recommendation, an additional 42 days have elapsed.

Defendant argues strenuously that the reason that there was no trial conducted, or even scheduled, was the fault of this Court because it failed to monitor the progress of the Petition for Writ of Certiorari, and thus it should have known on January 7, 2008 that that writ had been denied, and thus the case could move forward.

Fed. R. App. P. 41(a), (b) and (c) provides in pertinent part that

(a)   Contents.   Unless the court directs that a formal mandate issue, the mandate consists of a certified copy of the judgment, a copy of the court's opinion, if any, and any direction about costs.

(b)   When issued.   The court's mandate must issue 7 calendar days after the time to file a petition for rehearing expires, or 7 calendar days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later.   The court may shorten or extend the time.

(c)   Effective date.   The mandate is effective when issued.

Based upon a review of the docket in this case, the undersigned magistrate judge finds no mandate ever was issued by either the Supreme Court of the United States and/or the Eighth Circuit Court of Appeals following the denial of Summage's Petition for Writ of Certiorari.

As noted above, and reemphasized here, the burden is on the defendant to show that his right to a speedy trial has been violated.   U.S. v. Hessman, 493 F.3d 977, 980 (8th Cir. 2007); U.S. v. Cordova, 157 F.3d 587, 599 (8th Cir. 1998).   In this regard, the Court finds no stay of any mandate filed by Summage or the government, as permitted under Fed. R. App. P. 41(d)(2) pending the filing of his Petition for Writ of Certiorari.   And, as noted above, since this Court did not receive either a mandate or a certified copy of any appellate decisions from either the Supreme Court of the United States and/or United States Court of Appeals for the Eighth Circuit following the denial of Summage's Petition for Writ of Certiorari, the undersigned magistrate judge questions whether this Court had jurisdiction on January 7, 2008 to order trial.   Thus the defendant's calculations  that by the time of the filing of his Motion to Dismiss, 100 days had elapsed on the speedy trial calculations may be erroneous.

While this Court had jurisdiction returned to it when the Eighth Circuit's mandate was filed on June 19, 2007 (Clerk's No. 56), it was Summage's filing of the Petition for Writ of Certiorari without seeking to stay the mandate, that, in effect, created the very condition about which he now complains.   See, Hessman, 493 F.3d at 981; United States v. Arrellano-Garcia, 471 F.3d 897, 900 (8th Cir. 2006); and United States v. Scalf, 760 F.2d 1057, 1059 (10th Cir. 1985).

In the context of all of the appellate filings, the fact remains that on July 23, 2007 (Clerk's No. 64), the Court scheduled jury trial for October 29, 2007.    A pretrial conference was scheduled for October 9, 2007.   Neither that trial nor the pretrial conference occurred.   Neither was

there any record of any motions filed by either party to continue that trial date, and in fact there was no complaint or objection filed by Summage as to the failure of that trial to proceed.   Until Summage filed his Motion to Dismiss on February 26, 2008, he had never voiced a complaint about his Speedy Trial Act and/or Sixth Amendment speedy trial rights being violated.

Based on all the foregoing, the undersigned magistrate judge recommends the Motion to Dismiss filed by Defendant Kerwin Lamont Summage be granted without prejudice to the government refiling the indictment.   This result is appropriate based on the analysis detailed above. Koory, 20 F.3d at 846; Kramer, 827 F.2d at 1176; Hamell, 3 F.3d at 1187.

While Summage has established requisite Speedy Trial Act violations, based on technical delays, and which support the granting without prejudice of his Motion to Dismiss, the undersigned magistrate judge does not find these violations constitute Sixth Amendment deprivations, based on this record.

The parties have to and including  **May 5, 2008**, to file written objections to this Report and Recommendation, pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained.   Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990); Wade for Robinson v. Callahan, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997).   Such extensions will be freely granted.   Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. See, Fed. R. Civ. P. 72; Thompson, 897 F.2d at 357.   Failure to timely file objections may constitute a waiver of a party's right to appeal questions of fact.   Thomas v. Arn, 474 U.S. 140, 155 (1985); Griffini v. Mitchell, 31 F.3d 690, 692 (8th Cir. 1994); Halpin v. Shalala, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); Thompson, 897 F.2d at 357.

-19-

Respectfully submitted,

Date:    April 15, 2008

_____
THOMAS J. SHIELDS
CHIEF U.S. MAGISTRATE JUDGE